1
2
3
4
5
6

UNITED STATES DISTRICT COURT

7

SOUTHERN DISTRICT OF CALIFORNIA

8

AARON RAISER,

                              Plaintiff,

9

v.

10

CHIEF JUSTICE TANI G. CANTIL-
SAKAUYE, et al.,

11

                              Defendants.

12

Case No.:  15cv1145 BTM(DHB)

**ORDER GRANTING MOTIONS
TO DISMISS AND DENYING
MOTION FOR PRELIMINARY
INJUNCTION**

13
14

    Plaintiff has filed a motion for preliminary injunction.  Defendants Hon. Tani

15

G. Cantil-Sakauye and Hon. Timothy Casserly have filed motions to dismiss.  For

16

the reasons discussed below, Defendants' motions to dismiss are **GRANTED** and

17

Plaintiff's motion for preliminary injunction is **DENIED**.

18
19

**I.  BACKGROUND**

20

    This action arises out of a medical malpractice action, Raiser v. Tri-City

Medical Center, et al., Case No. 37-2013-00070368-CU-MM-NC, filed by Plaintiff

1

1   in the Superior Court of California, County of San Diego, in October 2013.  In his

2   state court complaint, Plaintiff alleged that he suffered injury in connection with a

3   CAT scan performed on his abdomen at Tri-City Medical Center's emergency

4   room.

5        On December, 19, 2014, the defendants in the state case filed a motion to

6   designate Plaintiff a vexatious litigant under California's Vexatious Litigant Statute

7   ("VLS"), Cal. Civ. Proc. Code §§ 391, et seq., obtain a prefiling order, and obtain

8   an order requiring Plaintiff to furnish security.

9        On May 2, 2015, before the state court ruled on the motion, Plaintiff

10  commenced this action.  Plaintiff alleges that the VLS as well as Cal. Civ. Proc.

11  Code § 1013a, which does not allow a party to an action to sign a proof of service

12  by mail, are unconstitutional.  Plaintiff seeks declaratory relief regarding the alleged

13  unconstitutionality of the statutes and also seeks injunctive relief.  Plaintiff asks

14  that the Court enjoin:  (1) Chief Justice Cantil-Sakauye from placing Plaintiff's

15  name on any vexatious litigant list or placing conditions on Plaintiff due to him

16  having been found a "vexatious litigant"; (2) an "unknown court services analyst"

17  employed by the California Judicial Council from placing Plaintiff's name on any

18  vexatious litigant list; (3) an "unknown clerk" at the San Diego County Superior

19  Court to allow Plaintiff to serve his own court papers and sign his own proofs of

20  service; and (4) Judge Timothy Casserly, the judge assigned to Plaintiff's state

1    case, from denying Plaintiff access to the court due to being classified as

2    "vexatious," from requiring that Plaintiff pay a bond under the VLS, and from

3    holding any hearings regarding whether Plaintiff is a vexatious litigant.

4        On June 4, 2015, Judge Casserly granted the defendants' motion to declare

5    Plaintiff a vexatious litigant.  (Def. RJN in Opp. to Mot. for Prelim. Inj., Ex. B.)  Judge

6    Casserly ordered that Plaintiff furnish security on or before June 23, 2015, as a

7    condition to being allowed to proceed with the action.  Judge Casserly also entered

8    a prefiling order, barring Plaintiff from filing any new litigation in the courts of

9    California without approval of the presiding justice or judge of the court in which

10    the action is to be filed.

11        On July 3, 2015, Plaintiff filed a "Notice of Appeal; Request for Permission to

12    Appeal," challenging Judge Casserly's order.  (Def. RJN in Opp. to Mot. for Prelim.

13    Inj., Ex. G.)  In the Notice, Plaintiff explained, "The trial judge never considered the

14    constitutional challenges of Plaintiff and thus they need to be addressed on appeal,

15    of CCP 391, as it is unconstitutional."   The appeal remains pending before the 4th

16    Appellate District, Division 1.

17        On August 18, 2015, Judge Casserly granted an application by the

18    defendants to dismiss the state case with prejudice due to Plaintiff's failure to

19    furnish security.

20

15cv1145 BTM(DHB)

## II.  <u>DISCUSSION</u>

Plaintiff's motion for preliminary injunction seeks to (1) enjoin further enforcement of the VLS against Plaintiff; (2) to void any requirements, including requirements to post bond, imposed on Plaintiff under the VLS; and (3) void any pre-filing orders requiring Plaintiff to get permission before filing new litigation.

Defendants' motions to dismiss raise a number of arguments for the dismissal of Plaintiff's claims challenging the VLS as well as Plaintiff's claims that Cal. Civ. Proc. Code § 1013a is unconstitutional.

As discussed below, the Court finds that Plaintiff's claims regarding the VLS are subject to dismissal based on <u>Younger</u> abstention.    Plaintiff's claims challenging the constitutionality of Cal. Civ. Proc. Code § 1013a fail as a matter of law.    Therefore, the Court dismisses this action and denies the motion for preliminary injunction.

A. <u>Challenge to VLS</u>

The VLS defines a "vexatious litigant" as a person who does any of the following:

> (1) In the immediately preceding seven-year period has commenced, prosecuted, or maintained in propria persona at least five litigations other than in a small claims court that have been (i) finally determined adversely to the person or (ii) unjustifiably permitted to remain pending at least two years without having been brought to trial or hearing.

4

(2) After a litigation has been finally determined against the person, repeatedly relitigates or attempts to relitigate, in propria persona, either (i) the validity of the determination against the same defendant or defendants as to whom the litigation was finally determined or (ii) the cause of action, claim, controversy, or any of the issues of fact or law, determined or concluded by the final determination against the same defendant or defendants as to whom the litigation was finally determined.

(3) In any litigation while acting in propria persona, repeatedly files unmeritorious motions, pleadings, or other papers, conducts unnecessary discovery, or engages in other tactics that are frivolous or solely intended to cause unnecessary delay.

(4) Has previously been declared to be a vexatious litigant by any state or federal court of record in any action or proceeding based upon the same or substantially similar facts, transaction, or occurrence.

Cal. Civ. Proc. Code § 391(b)(1)-(4).

A defendant in a pending litigation may move the court for an order requiring a plaintiff to furnish security.  Cal. Civ. Proc. Code § 391.1.  Such motion must be supported by a showing that the plaintiff is a vexatious litigant and that there is not a reasonable probability that he or she will prevail in the litigation against the moving defendant.  Id.  At the hearing on the motion, the court "shall consider any evidence, written or oral, by witnesses or affidavit, as may be material to the ground of the motion."  Cal. Civ. Proc. Code § 391.2.  If, after hearing the evidence upon the motion, the court determines that the plaintiff is a vexatious litigant and that there is no reasonable probability that the plaintiff will prevail, the court shall order

15cv1145 BTM(DHB)

the plaintiff to furnish security in an amount to be fixed by the court.    Cal. Civ.

Proc. Code § 391.3.   When security that has been ordered furnished is not

furnished, the litigation shall be dismissed as to the defendant for whose benefit it

was ordered furnished.  Cal. Civ. Proc. Code § 391.4.

In addition, the court may, on its own motion or the motion of any party, "enter

a prefiling order which prohibits a vexatious litigant from filing any new litigation in

the courts of this state in propria persona without first obtaining leave of the

presiding justice or presiding judge of the court where the litigation is proposed to

be filed." Cal. Civ. Proc. Code § 391.7(a).  The presiding justice or presiding judge

shall permit the filing of new litigation only if it appears that the litigation has merit

and has not been filed for the purposes of harassment and delay.  Cal. Civ. Proc.

Code § 391.7(b).  The presiding justice or presiding judge may also condition the

filing of the litigation upon the furnishing of security.  Id.  The Judicial Council shall

maintain a record of vexatious litigants subject to prefiling orders and shall annually

disseminate a list of those persons to the clerks of the courts of California.  Cal.

Civ. Proc. Code § 391.7(f).

Plaintiff alleges that the VLS is unconstitutional for a number of reasons,

including: it is overbroad because it denies access to courts to plaintiffs who have

never filed an unmeritorious lawsuit; it punishes plaintiffs for acts committed in

another state or jurisdiction; it fails to give proper notice, especially to citizens of

6

15cv1145 BTM(DHB)

1   other states whose conduct in the other state or jurisdiction was not wrongful; it

2   allows judges to hold a hearing on the reasonable probability of success of a case

3   without allowing any discovery, cross-examination of witnesses, or allowing the

4   plaintiff a reasonable opportunity to obtain his own expert witness; it impermissibly

5   burdens interstate travel; and it constitutes extortion and defamation.

6          The Court does not reach the merits of Plaintiff's constitutional claims.

7   Rather, the Court abstains from deciding the claims under Younger v. Harris, 401

8   U.S. 37 (1971).   In Younger, the Supreme Court "reaffirmed the long-standing

9   principle that federal courts sitting in equity cannot, absent exceptional

10  circumstances, enjoin pending state criminal proceedings." Readylink Healthcare,

11  Inc. v. State Compensation Ins. Fund, 754 F.3d 754, 758 (9th Cir. 2014).

12  Subsequently, the Supreme Court extended Younger abstention to certain state

13  civil proceedings.  See Huffman v. Pursue, Ltd., 420 U.S. 592, 604 (1975); Juidice

14  v. Vail, 430 U.S. 327, 335 (1977).

15         In Sprint Communications, Inc., v. Jacobs, __ U.S. __, 134 S. Ct. 584 (2013),

16  the Supreme Court clarified that Younger abstention is limited to the following three

17  exceptional categories of cases:  (1) parallel, pending state criminal proceedings;

18  (2) state civil proceedings that are akin to criminal prosecutions; and (3) civil

19  proceedings "involving certain orders that are uniquely in furtherance of the state

20  courts' ability to perform their judicial functions," such as proceedings that

7

1   "implicate a State's interest in enforcing the orders and judgments of its courts."

2   Id. at 588 (quoting New Orleans Public Service, Inc. v. Council of City of New

3   Orleans, 491 U.S. 350, 373 (1989) ("NOPSI")).

4        The Court finds that the third category applies here.  The Supreme Court has

5   upheld Younger abstention in cases where the state proceedings at issue

6   "vindicate[d] the regular operation of its judicial system,"  Juidice, 430 U.S. at 335,

7   such as where a state's contempt process was being challenged (Juidice) or where

8   the plaintiff asserted that a state's appeal bond and judgment lien provisions

9   violated federal due process and equal protection rights (Pennzoil v. Texaco, Inc.,

10  481 U.S. 1 (1987)).

11       Orders issued by California courts pursuant to the VLS, like contempt orders,

12  are "uniquely in furtherance of the state courts' ability to perform their judicial

13  functions." See MacLeod v. Scott, 2015 WL 4523185 (M.D. Fla. July 9, 2015)

14  (holding that Younger abstention doctrine applied to the plaintiff's challenge to the

15  state court's finding that he was a vexatious litigant under Florida law, and

16  reiterating that the district court could not interfere with pending civil proceedings

17  involving orders "uniquely in furtherance of the state courts ability to perform their

18  judicial functions.").  As explained by the Ninth Circuit, "[V]exatious litigants tie up

19  a great deal of a court's time, denying that time to litigants with substantial cases."

20

8

1  Wolfe v. George, 486 F.3d 1120, 1126 (9th Cir. 2007).[1]

2          By stemming the flow of groundless litigation, the VLS makes it possible for

3  the courts to perform their normal judicial functions and "vindicates" the "regular

4  operation of its judicial system."  To the extent that the VLS applies to litigants who

5  repeatedly attempt to relitigate claims against defendants even though there has

6  already been a final determination against the litigant, the VLS also implicates a

7  state's interest in giving force and effect to its judgments and orders.

8          Now that the Court has determined that this case falls within one of the

9  "exceptional" circumstances fitting within the Younger doctrine, the Court looks to

10  the additional factors set forth in Middlesex County Ethics Committee v. Garden

11  State Bar Ass'n, 457 U.S. 423, 432 (1982):  (1) whether there is "an ongoing state

12  judicial proceeding," (2) those "proceedings implicate important state interests,"

13  and (3) there is "an adequate opportunity in the state proceedings to raise

14  constitutional challenges."  In addition, the requested relief must seek to enjoin or

15  have the practical effect of enjoining the state proceedings.  AmerisourceBergen

16  Corp. v. Roden, 495 F.3d 1143, 1149 (9th Cir. 2007).

17

18  ─────────────────

19          [1] The idea for the VLS began with the State Bar and Los Angeles County Bar
   Association, which argued, "The need for the adoption of this legislation is that there is an
20  unreasonable burden placed upon the courts by groundless litigation, which, in turn, prevents
   the speedy consideration of deserving and proper litigation . . . ."  Wolfram v. Wells Fargo
   Bank, 53 Cal. App. 4th 43, 48 (1997).

9

1    All of these factors are satisfied.  Plaintiff's appeal of Judge Casserly's order

2  is pending.  The proceedings implicate the important state interest of alleviating

3  the burden placed upon the courts by groundless litigation so that courts may

4  properly perform their functions.  There has been no showing that Plaintiff lacks

5  adequate opportunity to raise the constitutional challenges he asserts here.

6  Finally, the requested relief would have the practical effect of enjoining the state

7  proceedings because Plaintiff seeks to enjoin the placement of his name on any

8  vexatious litigant list and to void Judge Casserly's orders imposing conditions on

9  Plaintiff pursuant to the VLS.

10    Plaintiff attempts to invoke the exception to <u>Younger</u> abstention for

11  "extraordinary circumstances," such as when the statute involved is "flagrantly and

12  patently violative of express constitutional prohibitions in every clause, sentence

13  and paragraph, and in whatever manner and against whomever an effort might be

14  made to apply it."  <u>Younger</u>, 401 U.S. at 53-54 (internal quotation marks omitted).

15  This exception is "very narrow" and does not prevent abstention when "the

16  constitutionality of the state statute is unclear or if the statute may be applied

17  constitutionally in some cases."  <u>Dubinka v. Judges of the Superior Court</u>, 23 F.3d

18  218, 225 (9th Cir. 1994).

19    Plaintiff challenges the VLS as applied to him and also argues that the VLS

20  is unconstitutional in certain circumstances, such as where individuals are

10

determined to be vexatious litigants based on filings made in other states or in federal court, or are denied an adequate opportunity to present their case at the hearing on the reasonable probability of success of plaintiff's claims. Plaintiff has not shown that the VLS is patently unconstitutional "in every clause, sentence and paragraph, and in whatever manner and against whomever an effort might be made to apply it." Indeed, the Ninth Circuit found that the VLS did not violate the Constitution in <u>Wolfe v. George</u>, 486 F.3d 1120 (9th Cir. 2007).

Accordingly, the Court abstains from deciding Plaintiff's claims challenging the constitutionality of the VLS and dismisses those claims. Because Plaintiff's motion for preliminary injunction is premised on these same claims, Plaintiff's motion for preliminary injunction is denied.

B. <u>Claims Based on Cal. Civ. Proc. Code § 1013a</u>

Cal. Civ. Proc. Code § 1013a sets forth the requirements for proofs of service by mail. Under subsection (3), proof of service by mail may be made by:

> An affidavit setting forth the exact title of the document served and filed in the cause, showing (A) the name and residence or business address of the person making the service, (B) that he or she is a resident of, or employed in, the county where the mailing occurs, (C) that he or she is over the age of 18 years *and not a party to the cause*, (D) that he or she is readily familiar with the business' practice for collection and processing of correspondence for mailing with the United States Postal Service, (E) that the correspondence would be deposited with the United States Postal Service that same day in the ordinary course of business, (F) the name and address of the person served as shown on

11

1
2
3

the envelope, and the date and place of business where the correspondence was placed for deposit in the United States Postal Service, and (G) that the envelope was sealed and placed for collection and mailing on that date following ordinary business practices.

(Emphasis added.)

Plaintiff claims that the prohibition against a party serving his own court documents unconstitutionally burdens a poor person's right to access the state courts.  Plaintiff alleges that even though he has been able to get his documents served, with the exception of one time, there have been many times when he has almost missed deadlines.  (Compl. ¶ 17.)  According to Plaintiff, it is difficult for him to find someone to serve his documents for free, so over the years, he has had to spend over $800 to have people sign his proofs of service.  (Compl. ¶ 18.)

Plaintiff's constitutional challenge to § 1013a fails as a matter of law.  Access to the courts is not a right that is, in all circumstances, guaranteed by the Due Process Clause.  Boddie v. Connecticut, 401 U.S. 371, 383 (1971).  In Boddie, the Supreme Court held that the due process clause entitles indigents to file for divorce even if they cannot pay a filing fee due to the fundamental nature of the right to divorce.  In contrast, in United States v. Kras, 409 U.S. 434 (1973), the Supreme Court held that there is no constitutional right to obtain a discharge of one's debts in bankruptcy and applied the rational basis standard to determine whether the challenged fee requirement denied indigents equal protection of the laws.  Similarly, in Wolfe, the Ninth Circuit reviewed the VLS for a rational basis because

12

1   the Ninth Circuit found that the VLS did not deprive Wolfe, who had brought a

2   number of civil suits against taxicab companies, of "the opportunity to vindicate a

3   fundamental right in court."  486 F.3d at 1126.

4        Applying the rational basis test, the Court finds that § 1013a is rationally

5   related to a legitimate state purpose.  <u>See</u> <u>Pennell v. City of San Jose</u>, 485 U.S. 1,

6   14 (1988).  As explained by the California Court of Appeal in the context of Cal.

7   Civ. Proc. Code § 414.10, which provides that a summons may be served by "any

8   person who is at least 18 years of age and not a party the action":  "The long-

9   standing prohibition on personal service by the opposing party arises from the

10  adversarial interest present in legal actions and the concern for discouraging

11  fraudulent service."  <u>Caldwell v. Coppola</u>, 219 Cal. App. 3d 859, 864 (1990).

12  Safeguarding against fraudulent service is a legitimate state interest and

13  prohibiting parties to actions from serving papers is rationally related to this

14  interest.

15       Pro per plaintiffs are not required to pay a service to serve papers.  They can

16  ask third parties to serve the documents or, if granted a fee waiver by the state

17  court (as was the case with Plaintiff), may direct the Sheriff to serve court papers

18  without charge.  Cal. Gov't Code § 68631, Cal. Rules of Ct., Rule 3.55(6). That it

19  may be difficult or inconvenient for some indigent pro per plaintiffs to find someone

20  to serve their papers or to rely on the Sheriff for service does not render § 1013a

13

1    an irrational bar to access.

2        Therefore, the Court grants Defendants' motion to dismiss as to Plaintiff's

3    claims challenging the constitutionality of Cal. Civ. Proc. Code § 1013a.

4

5                                    **III. <u>CONCLUSION</u>**

6        For the reasons discussed above, Plaintiff's motion for preliminary injunction

7    is **DENIED** and Defendants' motions to dismiss are **GRANTED**. Plaintiff's

8    Complaint is **DISMISSED** in its entirety. Although leave to amend should ordinary

9    be granted, leave to amend may be denied if the court determines that

10   "allegation[s] of other facts consistent with the challenged pleading could not

11   possibly cure the deficiency." <u>Schreiber Dist. Co. v. Serv-Well Furniture Co., Inc.</u>,

12   806 F.2d 1393, 1401 (9th Cir. 1986). Given the nature of Plaintiff's claims, the

13   Court does not believe that Plaintiff can allege other facts that could possibly

14   salvage his claims. Therefore, the Court denies leave to amend and orders the

15   Clerk to enter judgment dismissing this case.

16   **IT IS SO ORDERED.**

17    Dated: November 30, 2015

18                                        Barry Ted Moskowitz, Chief Judge
                                          United States District Court

19

20

                                          14

                                                            15cv1145 BTM(DHB)